**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Mikhail MOISEEV, Defendant—Appellant.**

No. 03–10435.

D.C. No. CR–01–00481–PJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 12, 2004.

Decided Aug. 27, 2004.

---

Elise Becker, USSF—Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

William Weiner, San Francisco, CA, for Defendant–Appellant.

Before PREGERSON, KOZINSKI, Circuit Judges, and RHOADES, District Judge.*

MEMORANDUM**

Mikhail Moiseev appeals his conviction following a jury trial on two counts of aiding and abetting the use of stolen credit cards in violation of 18 U.S.C. §§ 1029(a)(2), 2. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

### 1. Witness Kogan's Testimony

■ Moiseev argues that government witness Igor Kogan falsely testified about his own level of criminal activity and that

Kogan's lies were relevant on the issue of his credibility. The government does not dispute that portions of Kogan's testimony were perjurious. However, given the overwhelming weight of the evidence against him, we cannot conclude that Moiseev was prejudiced by Kogan's lies. *See United States v. Agurs*, 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

### 2. *Brady* Material

■ Moiseev next argues that the district court, after an in camera review, erroneously permitted the government to withhold certain evidence that arguably could have been used to further impeach government witness Kogan. Although the evidence Moiseev cites may have further alerted the jury to Kogan's credibility problems, it was not clearly erroneous for the district court to have permitted the government to withhold this evidence. *See United States v. Monroe*, 943 F.2d 1007, 1012 (9th Cir.1991) ("When ... a district court rules on whether a defendant should have access to particular information in a government document that has been produced pursuant to *Brady*, we review for clear error."), Moiseev had, and took, an opportunity to challenge Kogan's credibility during cross-examination, and given the strength of the evidence against him, we cannot conclude that the jury would have reached a different result had the court, after its in camera review, required that the withheld evidence been disclosed to Moiseev. *See Strickler v. Greene*, 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

### 3. Limited Cross–Examination

■ The Confrontation Clause does not "prevent[ ] a trial judge from imposing any

* The Honorable John S. Rhoades, Sr., Senior Judge, United States District Court for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

limits on defense counsel's inquiry into the potential bias of a prosecution witness." *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). Because Moiseev was permitted to cross-examine Kogan and Goldenshteyn on all of the details of their respective plea agreements except the maximum penalty, it was not an abuse of the district court's discretion to limit Moiseev's cross-examination of Kogan and Goldenshteyn. *See United States v. Manning,* 56 F.3d 1188, 1197 (9th Cir.1995) ("The trial court does not abuse its discretion as long as the jury receives sufficient information to appraise the biases and motivations of the witness." (internal quotations omitted)).

### 4. Evidence of Moiseev's Subsequent Lawful Acts

In proffering evidence of his refusal to participate in a credit card fraud scheme after his June 23, 2000 arrest, Moiseev was required to show that the tape was relevant to one or more issues in the case. *See United States v. Conners,* 825 F.2d 1384, 1390 (9th Cir.1987) (citing Fed.R.Evid. 403). According to Moiseev, the excluded tape is relevant to prove his lack of intent to conspire to commit credit card fraud. However, it is unclear how his refusal to participate in a credit card fraud scheme after his arrest for similar illegal conduct is relevant to establishing his lack of intent to commit the crime for which he had previously been arrested. Even assuming the evidence was admissible for this purpose, Moiseev has not established how its exclusion was prejudicial given the strength of the prosecution's evidence against him.

### 5. Cumulative Error

Because Moiseev has not sufficiently demonstrated that the district court committed any, let alone multiple, errors, the doctrine of cumulative error does not apply here. *See United States v. Frederick,* 78 F.3d 1370, 1381 (9th Cir.1996). Moreover, even assuming the district court committed errors on each of the four points raised by Moiseev, he has not proven that he suffered any prejudice. All of the purported errors by the trial court relate in some way to the credibility of witness Kogan. Even if Kogan's testimony is disregarded in its entirety, any reasonable jury could still have concluded that the weight of evidence was sufficient to find Moiseev guilty beyond a reasonable doubt. *See id.* (noting that harmless error doctrine "requires us to affirm a conviction if there is overwhelming evidence of guilt") (quoting *United States v. Berry,* 627 F.2d 193, 201 (9th Cir.1980)).

### 6. Sentencing

Because the sentencing court's upward departure was based primarily on the facts of Moiseev's prior conviction, which are matters of record, we do not see a *Blakely* problem here. However, we will extend the time to file a petition for rehearing for a period of thirty days after the Supreme Court issues its opinions in *United States v. Fanfan,* No. 03–47, 2004 WL 1723114 (D.Me. June 28, 2004), *cert. granted,* 2004 WL 1713655 (Aug. 2, 2004) (No. 04–105), and *United States v. Booker,* 375 F.3d 508 (7th Cir.2004), *cert. granted,* 2004 WL 1713654 (Aug. 2, 2004) (No. 04–104).

AFFIRMED